UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SHERI TRETTER, individually and as
Administratrix of the Estate of WILLIAM
BENDER, deceased,

    Plaintiff,

v.

PENNSYLVANIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

Case No. 3:11-CV-00423

(Judge Kosik)

## MEMORANDUM

On March 4, 2011, William Bender, a prisoner confined at SCI-Frackville, filed a Complaint against various defendants[1] alleging violations of his federal Constitutional rights and negligence claims associated with a failure to properly diagnose and treat Plaintiff's testicular cancer[2]. (Doc. 1). The Complaint was amended several times by Mr. Bender's counsel and, after his death, Plaintiff, Sheri Tretter, was substituted in place of Mr. Bender in accordance with Rule 25(a) of the Federal Rules of Civil Procedure. (Doc. 85, p. 1-2). Defendants filed a Joint Motion for Summary Judgment on August 19, 2011. (Doc. 56). On December 5, 2011, Magistrate Judge J. Andrew Smyser filed a Report and Recommendation ("R&R") recommending that summary judgment be granted to Defendants and that the case be dismissed without prejudice. (Doc. 85). Currently before the Court are Plaintiff's

---

[1] Defendants include the Pennsylvania Department of Corrections ("DOC"); the State Correctional Institution at Frackville (SCI-Frackville); PHS Correctional Healthcare ("PHS"); Nicholas Scharff, M.D., Robert Sterling, D.O., Robert Schorschinsky, D.O. Stanley Stanish, M.D. Richard Kosierowski and Brian Shiptoski, D.O., (collectively "physician defendants"); Jack Robinson, RNS, Daniel Zaremba, RN. C. Cheshi, P. Wolfe, RM, M. Reuengood, RN, Brenda Houser, RN, Katherine Gillis, RN, Karen Haggerty, RN, and Melody Funk, RN (collectively "nurse defendants"); and Lackawanna Mobile Diagnostic Services and Peter Gregory, M.D. (collectively "diagnostic defendants"). (*See* Doc. 1, 70).

[2] Plaintiff died on July 8, 2011. (Doc. 85, p. 1).

Objections to the R&R (Doc. 87), Plaintiff's Brief in Support of Objections to the R&R (Doc. 88) and Defendants'[3] response in opposition to Plaintiff's objections to the R&R (Doc. 91). We have jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1367. For the reasons that follow, we will adopt the R&R and dismiss the Complaint without prejudice.

### Factual Background & Procedural History

The Magistrate Judge summarized Plaintiff's third amended complaint to set forth the relevant facts to this case and this summary is set forth below:

> Mr. Bender began complaining of pain in his groin and a swollen testicle in January of 2009. Even though the defendants were on notice of Mr. Bender's need for treatment, they refused or failed to provide any such treatment. It was eight months before they began to address Mr. Bender's complaints. By that time, Mr. Bender had a grapefruit-sized mass on his testicle. Still, the defendants delayed treatment. In April of 2010, Mr. Bender was diagnosed with testicular carcinoma, and he underwent radical orchiectomy. By then, Mr. Bender's cancer had spread to his liver, abdomen, and lungs. He underwent chemotherapy, but he died on July 8, 2011. The third amended complaint raises claims under 42 U.S.C. § 1983 as well as state law claims.

(Doc. 85, p.2).

Mr. Bender filed his initial Complaint on March 4, 2011 while he was still alive and an inmate at SCI-Frackville. (Doc. 1). An amended Complaint was filed on August 2, 2011 by Plaintiff, Sheri Tretter, as Administratrix of the Estate of William Bender. (Doc. 53). On August 19, 2011, the Defendants filed the joint motion for summary judgment which is currently before the Court. (Doc. 56). Plaintiff again filed a second and third amended complaint on September 6, 2011 and September 8, 2011, respectively, alleging federal constitutional claims (including violations of the Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983) and supplemental claims (including violations of Pennsylvania's Constitution, negligence, wrongful death, and a survival action). (Doc. 66, 70). Defendants

---

[3] Specifically Defendants PHS, Shiptoski, Schorschinsky, Stanish, Kosierowski, and Sterling. (Doc. 91).

filed motions to dismiss the third amended complaint. (Doc. 71, 72). On December 5, 2011, the Magistrate Judge granted Defendants' Motion to Stay Proceedings (Doc. 78) pending a decision by this Court in regards to the Motion for Summary Judgment. (Doc. 86).

On December 5, 2011, the Magistrate Judge recommended that the Defendants' Joint Motion for Summary Judgment be granted and that the action be dismissed without prejudice because Plaintiff failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e. (Doc. 85). Plaintiff objected to the Magistrate Judge's R&R. (Doc. 87, 88). Defendants[4] responded to these objections on December 28, 2011. (Doc. 91).

## Standards of Review

### I. Plaintiff's Objections to the Report and Recommendation

When objections are filed to a report and recommendation of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). Written objections to a report and recommendation must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

### II. Motion for Summary Judgment

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issues as to

---

[4]See footnote 3.

any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). A disputed fact is material when it could affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 249. The court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

Initially the moving party must show the absence of a genuine issue concerning any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, the non-moving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 257; *see Celotex Corp.*, 477 U.S. at 323-24. "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Hugh*, 418 F.3d at 267 *citing Anderson*, 477 U.S. at 251. Neither unsworn statements of counsel in memoranda submitted to the court nor unsupported conclusory allegations in the pleadings will dispute a material fact. *See* Fed. R. Civ. P. 56(e); *Schoch v. First Fid. Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990).

If the court determines that the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, then no genuine issue for trial exists. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

## Discussion

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in

any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion of available administrative remedies is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). A prisoner must "exhaust all available administrative remedies" regardless of whether the administrative process may provide the prisoner with the relief that he is seeking. *Nyhuis v. Reno*, 204 F.3d 65, 75 (3d Cir. 2000). "[C]ompliance with the administrative remedy scheme will be satisfactory if it is substantial." *Id.* at 77.

42 U.S.C. § 1997e(a) requires proper exhaustion. *Woodford v. Ngo*, 548 U.S. 81 (2006). It requires more than simple exhaustion - i.e. more than that there is no further process available to the inmate within the grievance system. *Spruill v. Gillis*, 372 F. 3d 218, 227-31 (3d Cir. 2004). Section 1997e(a) requires that an inmate follow the procedural requirements set forth in the administrative remedy process that is available to him. *Id.* at 231. The Supreme Court has said that

> [b]ecause exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)."

*Woodford*, 548 U.S. at 89 (internal citations omitted).

Failure to exhaust available administrative remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). As an affirmative defense, the failure to exhaust available administrative remedies must be pleaded and proven by the defendants. *Brown v. Croak*, 312 F. 3d 109, 111 (3d Cir. 2002).

The Pennsylvania Department of Corrections has implemented an official Inmate Grievance System governed by Administrative Directive 804 ("DC-ADM 804"). An inmate is first encouraged to express his/her concerns to a staff member in an effort to resolve the concern informally. DC-ADM 804, Section 1. If the concern cannot be resolved informally, an inmate is required to submit his grievance for Initial Review to the Facility Grievance

Coordinator within 15 working days after the events upon which the grievance is based. *Id.*

> The inmate must include a statement of the facts relevant to the claim. The text of the grievance must be legible, understandable, and presented in a courteous manner...The inmate will also specifically state any claims he/she wishes to make concerning violations of Department directive, regulations, court orders, or other law. If the inmate desires compensation or other legal relief normally available from a court, the inmate shall request the specific relief sought in his/her initial grievance.

*Id.* The inmate is then required to appeal an adverse determination by the Facility Grievance Coordinator to the Facility Manager. *Id.* at Section 2. From there the inmate must appeal to final review with the Secretary's Office of Inmate Grievances and Appeals. *Id.*

Defendants' moved for summary judgment alleging that Mr. Bender procedurally defaulted on his claims by failing to exhaust his administrative remedies. (Doc. 57). The Plaintiff has not disputed that Mr. Bender did not pursue all the administrative remedies set forth in the Pennsylvania DOC's DC-ADM 804 prior to filing this lawsuit.[5] The record reflects that Mr. Bender only filed three (3) grievances during his incarceration. (Doc. 57, Ex. 1, 4, 5, 9, 10, 14)[6]. Mr. Bender specifically filed two (2) grievances about his medical care. (*See id.*). Grievance #348779 was filed by Mr. Bender on December 7, 2010 in regards to his medical care and it was rejected as untimely. (*Id.* at 5, 6). Mr. Bender appealed this decision on February 6, 2011 and his appeal was denied. (*Id.* at 7, 8). Grievance #346921 was also filed by Mr. Bender in regards to his medical care on January 3, 2011. (*Id.* at 12). This grievance was denied. (*Id.* at 13). The last grievance Mr. Bender filed (Grievance #361835) concerned his pay rate and was filed April 14, 2011. (*Id.* at 14).

While Plaintiff does not dispute Mr. Bender's failure to exhaust his administrative

---

[5]The Defendants filed a Joint Statement of Material Facts. (Doc. 58). Contrary to Local Rule 56.1, the Plaintiff has not filed a response to the Defendants' Joint Statement of Material Facts. In accordance with Local Rule 56.1, the material facts set forth by the Defendants are deemed to be admitted.

[6]Declaration of Keri Moore; Unsworn Affidavit of Peter Damiter; Grievance #348779; Unsworn Declaration of Rebecca Reifer; Grievance file on December 7, 2010 (typed copy of Grievance #346921); Grievance #346921; and Grievance #361835.

remedies, Plaintiff does argue that she is not subject to the exhaustion requirements of 42 U.S.C. § 1997e and, in the alternative, that exhaustion was futile or impossible. (Doc. 74). In his R&R, the Magistrate Judge did not find Plaintiff's arguments persuasive and recommended granting the motion for summary judgment because the exhaustion requirement applies in this case, it was not impossible for Mr. Bender to exhaust and that there is no futility exception to the exhaustion requirement. (Doc. 85). Plaintiff objected to the Magistrate Judge's R&R arguing that the PLRA ceases to apply when a post-release amended complaint is filed. (Doc.88). Defendants[7] replied to Plaintiff's Objections arguing that Mr. Bender was an inmate for the purposes of the PLRA when he initially filed his complaint and filing an amended complaint at a later time does not change his status for purposes of the PLRA. (Doc. 91).

We agree with the Magistrate Judge that Mr. Bender's failure to exhaust precludes Plaintiff from maintaining the instant action. While Plaintiff cites to multiple cases that hold that a prisoner ceases to be a prisoner for PLRA purposes upon death[8], these cases are distinguishable from the current case because the litigation in those cases was not started until *after* the death of the prisoner. (Doc. 88, p. 5). Plaintiff also cites to cases where prisoners' relatives or estates, such as Ms. Tretter in this case, are not considered prisoners for the purposes of the PLRA and are not subject to the administrative exhaustion requirement[9]. (*Id.*

---

[7]Defendants PHS, Shiptoski, Schorschinsky, Stanish, Kosierowski, and Sterling. (Doc. 91).

[8]*See Anderson v. County of Salem*, 2010 WL 3081070 (D. N.J. 2010), *citing Torres Rios v. Periera Castillo*, 545 F. Supp. 2d 204, 206 (D.P.R. 2007); *Rivera-Quinones v. Rivera-Gonzalez*, 397 F. Supp. 2d 334, 340 (D.P.R. 2005); *Simmons ex rel. Estate of Simmons v. Johnson*, 2005 WL 2671537, *2 (W.D. Va. 2005); *Lister v. Prison Health Services, Inc.*, 2006 WL 1733999, *1-2 (M.D. Fla. 2006) (Holding that an infant born to a prisoner, if born alive, may have a cause of action. However, infant's prisoner mother was required to exhaust).

[9]*See Anderson*, 2010 WL 3081070; *Netters v. Tennessee Dept. Of Corrections*, 2005 WL 2113587, *3, n. 3 (W.D. Tenn. 2005); *Rivera-Rodriguez v. Pereira-Castillo*, 2005 WL

at 6). Once again, these cases are distinguishable because they do not consider a complaint brought by a plaintiff who was a prisoner at the time of filing. In *Ahmed v. Dragovich*, the Third Circuit discussed when the PLRA exhaustion requirement applies to a plaintiff and the Court held that it depends on the plaintiff's status at the time of the filing of his complaint. *Ahmed v. Dragovich*, 297 F.3d 201 (3d Cir. 2002). The Court found that plaintiff's status as a prisoner at the time of filing was controlling and that his change of status, or his release from prison, did not excuse plaintiff from exhausting his administrative remedies. *Id.* Plaintiff cites to *Prendergast v. Janecka*[10], arguing that this case should be controlling. However, *Prendergast*, a case from the Eastern District of Pennsylvania, is distinguishable in that it states that "exhaustion may have occurred." *Prendergast v. Janecka*, 2001 WL 793251 (E.D. Pa. 2001). Moreover, it preceded the Third Circuit's holding in *Ahmed* and, as such, it is not controlling. *Id.* This case started while Mr. Bender was a prisoner for the purposes of the PLRA and as such, it is required to comply with the exhaustion requirement of the PLRA. Mr. Bender's death, the substitution of plaintiff's, and the amendment of the original complaint after his death, do not change Mr. Bender's status as a prisoner *at the time of filing* his initial complaint. Thus, we find that Plaintiff's § 1983 claims must be dismissed for failure to exhaust administrative remedies.

As we indicated earlier, subsequent to the death of Mr. Bender and the substitution of plaintiffs, three amended complaints were filed which raised supplemental state claims. We will not exercise supplemental jurisdiction over the state law claims. 28 U.S.C. 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under

---

290160, *5-6 (D.P.R. 2005) (holding that a prisoner's guardian is not a prisoner).

[10] In this case, the Court for the Eastern District of Pennsylvania found that the "administrative exhaustion requirement does not apply because the amended complaint was filed after plaintiff was released from prison and was no longer an inmate - even though the original complaint was filed while he was in custody." *Prendergast v. Janecka*, 2001 WL 793251, *1 (E.D. Pa. 2001).

8

subsection (a) if - ....the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966) (holding that when federal causes of action are dismissed, federal courts should not separately entertain pendent state claims). Plaintiff may pursue these claims in state court.